GAVRILOV & BROOKS
J. EDWARD BROOKS (SBN 247767)
CECILIA L. MARTIN (SBN 301027)
2315 Capitol Avenue
Sacramento, California 95816
Telephone: (916) 504-0529
Facsimile: (916) 473-5870
Email: ebrooks@gavrilovelaw.com
       cmartin@gavrilovlaw.com

Attorneys for Plaintiff
GLORIA VALERIO

JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
DOUGLAS M. EGBERT (SBN 265062)
801 K Street, Suite 2300
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: burnettec@jacksonlewis.com
       egbertd@jacksonlewis.com

Attorneys for Defendant
COMPASS BANK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA VALERIO,<br><br>        Plaintiff,<br>v.<br>COMPASS BANK; and DOES 1-50, inclusive,<br><br>        Defendants. | Case 2:14-CV-00741-JAM-KJN<br><br>**JOINT STIPULATION AND ORDER REGARDING COMPLETION OF PLAINTIFF'S DEPOSITION AND INDEPENDENT MEDICAL EXAMINATION**<br><br>Complaint Filed:   01/31/14<br>Trial Date:             04/24/17 |

/ / /

/ / /

**I.     STIPULATION REGARDING PLAINTIFF'S DEPOSITION**

GLORIA VALERIO ("Plaintiff") and COMPASS BANK ("Defendant") (collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, counsel for the Parties began cooperatively conferring on scheduling Plaintiff's deposition at the outset of this case, and agreed that, given the allegations and claims at issue, Defendant could go beyond the seven hour limit set forth in the Federal Rules of Civil Procedure;

WHEREAS, Defendant noticed Plaintiff's deposition for December 2 and 3, 2014;

WHEREAS, just prior to her deposition, Plaintiff's prior counsel notified Defendant that Plaintiff needed several accommodations for medical issues, which postponed the deposition;

WHEREAS, Plaintiff's prior counsel later recanted that Plaintiff needed medical accommodations to be deposed;

WHEREAS, due to Plaintiff's prior counsel's trial schedule and other scheduling conflicts, the Parties were not able to schedule Plaintiff's deposition until February 3, 2015;

WHEREAS, Defendant conducted Plaintiff's deposition on February 3 and 4, 2015;

WHEREAS, due to multiple extended breaks by Plaintiff, her need for an interpreter and other factors, Plaintiff did not complete her deposition;

WHEREAS, the break time for the two days of deposition totaled about four hours and forty-three minutes;

WHEREAS, because of Plaintiff's frequent breaks and the slowed pace for interpretation, Defendant was only able to obtain 148 pages of deposition testimony on day one and 114 pages on day two – less than half the total number of pages defense counsel is typically able to obtain in a single day of deposition;

WHEREAS, Plaintiff's prior counsel adjourned the deposition on February 4, 2015 because counsel had another appointment;

WHEREAS, Plaintiff stipulated that because of the extent of the delays during her deposition and the issues with interpretation, her deposition would continue until completed;

///

1 WHEREAS, Plaintiff represented that she was not available to complete her deposition in
2 February 2015;

3 WHEREAS, Defendant made good faith efforts to schedule Plaintiff's deposition in early
4 March 2015;

5 WHEREAS, Plaintiff's prior counsel informed defense counsel that Plaintiff was
6 medically unable to complete her deposition;

7 WHEREAS, Defendant requested to Plaintiff's prior counsel that Plaintiff provide a
8 medical note clarifying whether she could appear to complete her deposition and, if she could not,
9 to provide an estimated date on which her condition was expected to improve such that she would
10 be medically able to testify;

11 WHEREAS, the Parties rescheduled Plaintiff's deposition several times thereafter, but
12 Plaintiff's prior counsel repeatedly cancelled on behalf of Plaintiff;

13 WHEREAS, Plaintiff's prior counsel never produced any clarifying medical note
14 indicating Plaintiff could not complete her deposition;

15 WHEREAS, Plaintiff's prior counsel was granted leave to withdraw from representing
16 Plaintiff on or about September 2, 2015;

17 WHEREAS, the Court stayed all activity in the case from September 2, 2015 until
18 October 31, 2015 to allow Plaintiff time to engage new counsel;

19 WHEREAS, once the stay was lifted, Defendant attempted to meet and confer with
20 Plaintiff directly regarding completion of her deposition;

21 WHEREAS, Plaintiff obtained new counsel on or about December 4, 2015;

22 WHEREAS, Plaintiff's new counsel has assured defense counsel that Plaintiff understands
23 she must complete her deposition and that she will do so;

24 WHEREAS, to date, Plaintiff has not completed her deposition;

25 **IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO,**
26 **THROUGH THEIR RESPECTIVE COUNSEL, THAT PLAINTIFF SHALL COMPLETE**
27 **HER DEPOSITION IN ITS ENTIRETY BY APRIL 1, 2016.  THE PARTIES FURTHER**
28 / / /

**AGREE THAT THIS STIPULATION SHALL BE IN EFFECT WHETHER OR NOT THE COURT SIGNS THE [PROPOSED] ORDER BELOW.**

**II.      STIPULATION REGARDING PLAINTIFF'S INDEPENDENT MEDICAL EXAM**

Plaintiff and Defendant, by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, in late February 2015, defense counsel informed Plaintiff's counsel that the nature and severity of Plaintiff's allegations regarding her psychiatric condition and the related damages she is seeking required that Plaintiff submit to an independent medical examination ("IME");

WHEREAS, Plaintiff's allegations include that Defendant purportedly caused her to become suicidal, and to have an "involuntary 5150 hold" placed on her;

WHEREAS, the primary purpose of the IME was to obtain an expert opinion on the nature and extent of Plaintiff's damages, as well as causation (*i.e.*, an opinion on whether some or all of Plaintiff's alleged emotional distress damages were caused by Defendant, or by other factors unrelated to Defendant);

WHEREAS, Plaintiff's prior counsel agreed that an IME was reasonable given Plaintiff's allegations;

WHEREAS, on or about March 5, 2015, Plaintiff's prior counsel notified defense counsel that Plaintiff had agreed to the IME, and represented that Defendant would not be required to file a noticed motion to compel the IME;

WHEREAS, the Parties entered a Stipulation Re: Plaintiff's Mental Examination [FRCP 35] on March 11, 2015, by which Plaintiff agreed to submit to an examination by Charles Scott, M.D. on April 21, 2015;

WHEREAS, Plaintiff arrived late for her mental examination on April 21, 2015, and Dr. Scott was unable to complete Plaintiff's mental examination given her mental state;

WHEREAS, Plaintiff's prior counsel was granted leave to withdraw from representing Plaintiff on or about September 2, 2015;

///

1   WHEREAS, the Court stayed all activity in the case from September 2, 2015 until
2   October 31, 2015 to allow Plaintiff time to engage new counsel;
3   WHEREAS, once the stay was lifted, Defendant attempted to meet and confer with
4   Plaintiff directly regarding completion of her IME;
5   WHEREAS, Plaintiff obtained new representation on or about December 4, 2015;
6   WHEREAS, Plaintiff has not completed her IME to date;
7   WHEREAS, Dr. Scott's next availability for an IME is March 2, 2016, and, if the IME is
8   not completed on that date, the IME will have to be continued several months thereafter given
9   Dr. Scott's extremely busy schedule;
10  WHEREAS, Plaintiff's new counsel has assured defense counsel that Plaintiff understands
11  she must complete her IME and will do so on March 2, 2016;
12  **IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO,**
13  **THROUGH THEIR RESPECTIVE COUNSEL, THAT PLAINTIFF SHALL ATTEND**
14  **AND COMPLETE HER INDEPENDENT MEDICAL EXAMINATION WITH**
15  **DR. SCOTT ON MARCH 2, 2016. THE PARTIES FURTHER AGREE THAT THIS**
16  **STIPULATION SHALL BE IN EFFECT WHETHER OR NOT THE COURT SIGNS THE**
17  **[PROPOSED] ORDER BELOW.**

GAVRILOV & BROOKS

Dated:  February 3, 2016

By */s/ J. Edward Brooks (as authorized on 2/2/16)*
J. Edward Brooks
Cecilia L. Martin

Attorneys for Plaintiff
GLORIA VALERIO

JACKSON LEWIS P.C.

Dated:  February 3, 2016

By  */s/ Carolyn G. Burnette*
Carolyn G. Burnette
Douglas M. Egbert

Attorneys for Defendant
COMPASS BANK

5
JOINT STIPULATION AND [PROPOSED] ORDER RE COMPLETION OF PLAINTIFF'S DEPOSITION AND
INDEPENDENT MEDICAL EXAMINATION

# ORDER

Based upon the foregoing stipulation of the Parties, and good cause appearing therefor,

**IT IS SO ORDERED:**

1. Plaintiff Gloria Valerio shall complete her deposition in this matter by April 1, 2016;
2. Plaintiff Gloria Valerio shall attend and complete her independent medical examination with Dr. Scott on March 2, 2016;
3. Any violation of the Parties' Stipulation and/or this Order shall subject the offending party to appropriate sanctions, as determined by the Court.

Dated: 2/3/2016                                             /s/ John A. Mendez_____
                                                                         HON. JOHN A. MENDEZ
                                                                         JUDGE OF THE U.S. DISTRICT COURT