UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GLORIA VALERIO,

Plaintiff,

v.

COMPASS BANK, and DOES 1-50, inclusive,

Defendants.

Case No. 2:14-cv-00741 JAM-KJN

**AMENDED PRETRIAL CONFERENCE ORDER**

Pursuant to court order, a Pretrial Conference was held on March 17, 2017, before Judge John Mendez. Ognian Gavrilov and J. Edward Brooks appeared as counsel for plaintiff; James T. Jones, Carolyn G. Burnette and Douglas M. Egbert appeared as counsel for defendant. After hearing and submission of additional papers by the parties, the Court makes the following amended findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

///

## II. JURY/NON-JURY

Plaintiff has demanded a jury trial.

## III. STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV. UNDISPUTED FACTS

1. Gloria Valerio was hired by Compass Bank on or about September 12, 2011 to work as a Financial Sales Advisor II at the bank's Elk Grove branch.

2. Brenda Duclos was the Branch Manager at the Elk Grove branch and supervised Gloria Valerio until March 6, 2013.

3. On or about March 16, 2013, Diana Smith, a Compass Bank employee, transferred to the Elk Grove branch to work as the Branch Manager.

4. During the relevant time period, Diane Demidzic was the District Manager over the Elk Grove branch.

5. On or about April 2, 2013, Gloria Valerio received a performance evaluation that rated her "below expectations."

6. On or about April 3, 2013, Gloria Valerio was placed on a 90-day performance improvement plan. The plan provided that follow-up with Plaintiff would occur every 30 days, and that it was imperative that Gloria Valerio's performance improve during the first 30 days.

7. On April 19, 2013, Gloria Valerio contacted Melanie Sparks to complain that she "noticed that [she] was docked time off on 4/17/13 for having been 'sent home to change' a total of .75 hours."

8. Compass Bank received notice from the California Department of Fair Employment and Housing ("DFEH") dated June 6, 2013, that Gloria Valerio filed a complaint with the DFEH alleging discrimination, harassment and retaliation by Compass Bank.

9. Compass Bank received a letter from Gloria Valerio dated June 28, 2013, alleging that Gloria Valerio had been sexually harassed by Diana Smith during the first three weeks of April 2013.

10. Gloria Valerio began a medical leave of absence on May 2, 2013 and never returned to work at Compass Bank.

## V. DISPUTED FACTUAL ISSUES

1. Whether Compass Bank sexually harassed Gloria Valerio.

2. Whether Compass Bank retaliated against Gloria Valerio.

3. Whether Compass Bank discriminated against Gloria Valerio because of Gloria Valerio's race.

4. Whether Compass Bank failed to prevent sexual harassment and race discrimination.

5. Whether Gloria Valerio made any complaints about workplace safety, and if so, whether Compass Bank retaliated against Gloria Valerio because she made those complaints.

6. Whether Gloria Valerio was damaged in any way because of Compass Bank.

7. Whether Gloria Valerio obtained fully mitigating employment or made best efforts to obtain fully mitigating employment.

## VI. DISPUTED EVIDENTIARY ISSUES

The parties anticipate the following disputed evidentiary issues, each of which the parties suggest should be resolved by way of motion *in limine*. The parties request that a briefing schedule

for motions *in limine* be discussed and set at the pretrial conference.

1. Defendant seeks to preclude Plaintiff’s treating physicians and nurses from testifying that Plaintiff’s mental health issues were caused by Defendant. Plaintiff’s treating physicians and nurses simply took what Plaintiff said at face value – they did not make any independent medical conclusion about the cause of Plaintiff’s mental health issues, and any such testimony is speculative at best and would be improper opinion.

2. Defendant seeks to preclude Plaintiff from testifying that Defendant caused the purported psychiatric breakdown that led to her involuntary confinement by hospital staff (commonly referred to as a “5150” or involuntary psychiatric hold). Such evidence is medical opinion, and Plaintiff is not competent to testify about the cause of her involuntary confinement given her mental state at that time.

3. Defendant seeks to preclude Plaintiff from testifying or otherwise introducing any evidence or argument that Defendant caused Child Protective Services to take her child into its custody. Plaintiff is not competent to testify about the cause of the purported psychiatric breakdown or to extrapolate therefrom as to why Child Protective Services took custody of her child.

4. Defendant seeks to preclude Plaintiff from testifying or otherwise introducing any evidence that she suffers distress and has suicidal ideation as a result of the litigation.

5. Defendant seeks to preclude Plaintiff from testifying or otherwise introducing any evidence relating to purported emotional distress that is part of her pending workers’ compensation claims.

6. Defendant seeks to exclude any evidence of settlement offers during the liability phase of trial.

7. Defendant seeks to preclude evidence that it may carry liability insurance.

VII. RELIEF SOUGHT

Plaintiff seeks economic damages for lost wages and benefits caused by Defendant's unlawful conduct to be proven through Plaintiff's economic expert, Craig Enos. Plaintiff seeks non-economic damages for past and future emotional distress caused by Defendant's unlawful conduct which has caused mental suffering, loss of enjoyment of life, grief, anxiety, shock, humiliation, and embarrassment. Plaintiff seeks costs and attorneys' fees. Plaintiff also seeks punitive damages according to proof at trial.

Defendant disputes that it engaged in any unlawful conduct or that it is liable in any way to Plaintiff for any damages or relief. Defendant prays: (1) that Plaintiff takes nothing by her Complaint; (2) for judgment in Defendant's favor and dismissal of all of Plaintiff's claims; (3) for Defendant's costs and attorneys' fees incurred in this action; and (4) for such other and further relief as the Court may deem proper. Defendant also seeks the costs benefits provided by Rule 68 of the Federal Rules of Civil Procedure in the event Plaintiff does not prevail at trial or her recovery at trial is less than Defendant's Rule 68 offer. If Plaintiff were to prevail at trial, Defendant would seek limitation of Plaintiff's award pursuant to its affirmative defenses, particularly the doctrines of unclean hands, after-acquired evidence, and failure to mitigate.

///

VIII. POINTS OF LAW

Trial briefs shall be E-filed with the court no later than seven (7) days prior to the date of trial, i.e., April 17, 2017. Any points of law not previously argued to the Court should be briefed in the trial briefs.

IX. ABANDONED ISSUES

Plaintiff is abandoning the Private Attorney General's Act Claim (Labor Code Section 2698 et seq.) that is contained within her Sixth Cause of Action, but not abandoning the Sixth Cause of Action for violation of Labor Code Sections 6310, 6403 and 6404.

Defendant is abandoning its First, Third, Fifth, Seventh, Twelfth, Fourteenth, and Sixteenth Affirmative Defenses.

Defendant hereby notifies the Court that Plaintiff has represented to Defendant that she will dismiss the PAGA claims found in her sixth cause of action.

X. WITNESSES

Plaintiff anticipates calling the following witnesses:

1. Gloria Valerio
2. Diana Smith
3. Diane Dmezdic
4. Sue Veach
5. Martin Torres
6. Angela Querezma
7. Matt Farmer
8. Elio Guteirrez
9. Alondra Vazquez
10. Craig Enos
11. Dr. Syed Munir

12. Dr. Maria Torres
13. Dr. Jose Sanchez
14. Consuelo Armas
15. Heather Noriega
16. Aaron Rice

Defendant anticipates calling the following witnesses:

1. Gloria Valerio
2. Diana Smith
3. Matt Farmer
4. Melanie Sparks
5. Diane Demidzic
6. Sue Veach
7. Brenda Duclos
8. Michael Ibe
9. Officer Kelli Ledbetter
10. Amanda Serratos
11. Aurelio Hurtado
12. Shelly Darms
13. Bindu Jaduram
14. Maggie Montero
15. Rigobuerto Lopez
16. Iluminada Lewis
17. Charles Scott, M.D.
18. Suzanne Stuckwisch
19. Florentino Martinez, R.N.
20. Carole Chan-You, M.D.
21. Syed Munir, M.D.
22. Jose Sanchez, M.D.

23. Andres F. Sciolla, M.D.

24. Catherine Wergin, Physician's Assistant.

25. Janik Mehtani, M.D., QME.

26. James D. Wallace, D.C./PA-C, QME.

27. Alan Tempkin, M.D., QME.

28. Benjamin Carey, M.D.

Each party may call a witness designated by the other.

A. No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B. Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

(2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3) If time permitted, counsel proffered the witnesses for deposition;

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

///

## XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff intends to introduce the following exhibits:

1. Email dated June 07, 2012 from Brenda Duclos’ to Mr. Farmer and copied to Diane Demidzic.

2. Document dated June 15, 2012 related to a complaint of Gloria Valerio by a customer.

3. Email dated November 1, 2012 related to verbal warning and performance improvement plan from Brenda Duclos to Gloria Valerio.

4. Document dated November 02, 2012 from Gloria Valerio.

5. Document dated December 18, 2012 related to verbal warning.

6. Email dated December 20, 2012 from Brenda Duclos’ to Matt Farmer and copied to Ryan Zebot and Diane Demidzic.

7. Document dated January 24, 2013 from Brenda Duclos to Gloria Valerio.

8. Email dated January 28, 2013 from Gloria Valerio to Matt Farmer.

9. Email dated January 31, 2013 from Gloria Valerio to Matt Farmer.

10. Document dated February 15, 2013 from Brenda Duclos to Gloria Valerio.

11. Email dated March 04, 2013 from Brenda Duclos to Matt Farmer and copied to Diane Demidzic.

12. Email copied Matt Farmer and Diane Demidzic.

13. Email dated March 09, 2013 from Brenda Duclos to Gloria Valerio.

///

14. Email dated March 25, 2013 from Diana Smith to Diane Demidzic.

15. Document from Brenda Duclos to Gloria Valerio.

16. Document dated April 2, 2013 from Diane Demidzic and Diana Smith to Gloria Valerio.

17. Edit Ticket #46194 for Gloria Valerio.

18. Email dated April 22, 2013 from Diana Smith to Diane Demidzic.

19. Document dated April 24, 2013 from Carole Chan-You M.D. in re: Gloria Valerio.

20. Email dated April 30, 2013 between Melanie Sparks to Gloria Valerio.

21. Email dated June 28, 2013 from Gloria Valerio to Office of the Chairman, Melanie Sparks, and Matt Farmer.

22. Document dated May 03, 2013 from Carole Chan-You M.D. in re: Gloria Valerio.

23. Document dated May 06, 2013 from Julie Theriault P.A. for Carole Chan-You M.D. in re: Gloria Valerio.

24. Document dated May 25, 2013 from Zairi Hernandez C.A. for Dr. Atkins M.D. in re: Gloria Valerio.

25. Document dated May 26, 2013 from Lori Severance in re: Gloria Valerio.

26. Document dated May 27, 2013 from Aaron Hougham M.D. in re: Gloria Valerio.

27. Document dated June 10, 2013 from Wanda Pratt in re: Gloria Valerio.

28. Document dated June 26, 2013 from Tasha Hardy to Diana Smith.

29. Document dated June 28, 2013 from Gloria Valerio to BBVA Department of Human Resources.

30. Email dated July 02, 2013 from Melanie Sparks to Gloria Crystal Berryhill and Matt Farmer.

31. Questionnaire in re: Gloria Valerio.

32. Email dated June 24, 2013 from Diana Smith to Diane Demidzic.

33. Email dated June 24, 2013 from Tash Hardy to Diana Smith and copied to Matt Farmer and Melanie Sparks.

34. Email dated April 02, 2013 from Diana Smith to Diane Demidzic.

35. Email dated April 19, 2013 from Diana Smith to Myra Roberts.

36. Document dated May 27, 2013 from Laurie Lenzi to Diane Smith.

37. Email dated February 17, 2012 from Brenda Duclos to Diane Demidzic and copied to Gloria Valerio.

38. Email dated January 14, 2013 from Jill Dobberpuhl to Gloria Valerio and copied to Brenda Duclos.

39. Email dated January 14, 2013 from Jill Dobberpuhl to BBVA Employees.

40. Email dated January 15, 2013 from Jill Dobberpuhl to Gloria Valerio and copied to Brenda Duclos.

41. Email dated January 16, 2013 from Jill Dobberpuhl to Gloria Valerio and copied to Brenda Duclos and Diane Demidzic.

42. Email dated January 17, 2013 from Gloria Valerio to Jill Dobberpuhl to Brenda Duclos and Diane Demidzic.

///

43. Email dated January 23, 2013 from Diane Demidzic to Gloria Valerio and copied to Brenda Duclos and Jill Dobberpuhl.

44. Email dated January 28, 2013 from Gloria Valerio to Diane Demidzic and copied to Jill Dobberpul and Brenda Duclos.

45. Email dated January 28, 2013 from Gloria Valerio to Jill Dubberpuhl and copied to Brenda Duclos and Diane Demidzic.

46. Email dated January 29, 2013 from Diane Demidzic to Gloria Valerio and Jill Dobberpuhl and Brenda Duclos.

47. Email dated February 28, 2013 from Between Gloria Valerio and BBVA Employees.

48. Email dated April 17, 2013 from Zack Harless to Diana Smith and copied to Diane Demidzic and Gloria Valerio.

49. Plaintiff’s Complaint filed with the California Department of Fair Housing & Employment.

50. Plaintiff’s Complaint filed with the Labor Workforce Development Agency.

51. Craig Enos Report.

52. Gloria Valerio’s Resume.

Defendants intend to introduce the following exhibits:

A. Plaintiff’s 2011 W-2.

B. Medical note from Dr. Chan-You dated April 24, 2013.

C. Medical note from Dr. Chan-You dated May 3, 2013.

D. Medical note from Dr. Chan-You dated May 6, 2013.

E. Notes from various doctors extending Plaintiff’s medical leave from work at Compass Bank.

F. Physician’s Progress Record Transfer Statement to Acute Care Hospital dated May 27, 2013.

G. Plaintiff’s hand drawn map of home and railroad track

intersection dated February 3, 2015.

H. Plaintiff's DFEH Complaint.

I. Defendant's Response to Plaintiff's DFEH Complaint.

J. Plaintiff's Verified Complaint for Damages against Compass Bank filed on January 31, 2014.

K. Plaintiff's hand drawn map of Compass Bank's Elk Grove branch's breakroom dated February 4, 2015.

L. Photographs of Compass Bank's Elk Grove branch, including photographs of the breakroom, main banking area, Diana Smith's office, the restroom, and the entry vestibule.

M. Floorplan of Compass Bank's Elk Grove branch.

N. Plaintiff's signed offer of employment dated September 1, 2011.

O. Compass Bank job description for Financial Sales Advisor/Sr. Financial Sales Advisor.

P. Plaintiff's acknowledgment of accepting Compass Bank employment policies dated September 14, 2011 at 2:23 PM.

Q. Plaintiff's acknowledgment of accepting Compass Bank employment policies dated September 14, 2011 at 1:23 PM.

R. Compass Bank's Practices & Programs: What you need to know about our policy regarding workplace harassment.

S. Compass Bank's Guide for Employees. CARE: Communication, Answers and Resolution for Employees.

T. Excerpts from Compass Bank's Employee Handbook.

U. Excerpts from Compass Bank's Code of Conduct.

V. Plaintiff's Employment Application with Compass Bank dated 8/29/11 at 11:34 PM.

W. Résumé submitted by Plaintiff to Compass Bank in 2011.

X. Résumé submitted by Plaintiff to Compass Bank in 2010.

Y. Résumé submitted by Plaintiff to Compass Bank in 2010 (electronic version).

Z. Résumé submitted by Plaintiff to Wells Fargo Bank.

AA. Wells Fargo Final Notice Workplace Conduct dated August 21, 2008.

BB. Wells Fargo's termination letter to Plaintiff dated February 19, 2010.

CC. Résumé submitted by Plaintiff to Bank of America.

DD. Bank of America Written Counseling-Inappropriate Behavior dated May 13, 2005.

EE. Bank of America Termination Notification dated October 19, 2005.

FF. Excerpts from Worker's Compensation Deposition Transcript of Plaintiff, taken January 15, 2014 in the matter of *Gloria Valerio v. Compass Brancshares, Inc., et al.*, pages 26-33 and 47.

GG. Plaintiff's signed offer of employment from Tri Counties Bank dated March 16, 2015.

HH. Tri Counties Bank's letter to Plaintiff dated August 6, 2015.

II. Email chain from July 23, 2015 to July 31, 2015 (Jaduram Bindu and Shelly Darms of Tri Counties Bank).

JJ. Emails dated August 18, 2015 (Jaduram Bindu and Shelly Darms of Tri Counties Bank).

KK. Tri Counties Bank Application for Employment dated March 12, 2015.

LL. December 18, 2012 email from Brenda Dulcos to Diane Demidzic with attached photo.

MM. Compass Bank Documented Written Warning for failure to follow proper Opening Procedures dated December 6, 2011.

NN. Compass Bank Verbal Warning – Performance Improvement Plan dated November 1, 2012.

OO. Compass Bank Verbal Warning dated December 18, 2012.

PP. Email from Diane Demidzic to Matt Farmer dated January 2, 2013, and accompanying calendar entry.

QQ. Email chain ending on January 18, 2013 with attached credit card application (Brenda Duclos; Matt Farmer; Plaintiff).

RR. Email from Brenda Duclos regarding Plaintiff's fishnet stockings.

SS. Compass Bank Written Warning dated January 24, 2013.

TT. Compass Bank Verbal Warning- Performance Improvement Plan dated February 15, 2013.

UU. Email chain dated February 27, 2013 (Brenda Duclos; Matt Farmer; Diane Demidzic).

VV. Email from Sue Veach to Diane Demidzic dated February 27, 2013.

WW. Compass Bank Verbal Warning for Performance dated March 9, 2013.

XX. Compass Bank Verbal Warning for Performance dated April 2, 2013.

YY. Performance Appraisal for Plaintiff dated April 3, 2013.

ZZ. Email from Melanie Sparks to Plaintiff with attached survey dated April 30, 2013.

AAA. Melanie Sparks' investigation file pertaining to Plaintiff's complaint.

BBB. Letter from Plaintiff to Department of Human Resources at

Compass Bank dated June 28, 2013.

CCC. Email from Matt Farmer to Plaintiff dated July 11, 2012.

DDD. Email from Plaintiff to Diane Demidzic dated September 5, 2012.

EEE. Sierra Vista Hospital Discharge Summary dated June 6, 2013.

FFF. Sierra Vista Hospital Treatment Documents for Plaintiff dated May 27-30, 2013.

GGG. Sierra Vista Hospital Physician Progress Note. Date of evaluation May 29, 2013.

HHH. Sierra Vista Hospital Initial Assessment and Referral Screen dated May 27, 2013.

III. UC Davis Health System's progress notes on Plaintiff covering dates May 26, 2013 to June 11, 2013.

JJJ. Sutter Health's medical records for Plaintiff.

KKK. Sierra Vista Hospital Interdisciplinary Progress Notes dated May 29, 2013.

LLL. Federal Insurance Company Employer's Report of Occupational Injury or Illness dated August 23, 2013.

MMM. Trinidad Medical/Jose Sanchez "Historia Medica."

NNN. Letter from Fair Oaks Psychiatric Associates dated December 23, 2000.

OOO. Letter from James D. Wallace dated April 3, 2001.

PPP. Plaintiff's WCAB Illness and Injury Report.

QQQ. Plaintiff's WCAB Complaint.

RRR. WCAB Minutes of Hearing and Summary of Evidence dated August 23, 2002.

SSS. Letter from C. Jess Groesbeck, M.D. dated April 30, 2003.

TTT. WCAB Minutes of Hearing and Summary of Evidence dated September 2, 2014.

UUU. Plaintiff's dress relating to the incident where Plaintiff was sent home to change.

VVV. Photographs of Plaintiff's dress relating to the incident where Plaintiff was sent home to change.

WWW. Edit Ticket No. 46194 for Valerio, Gloria.

XXX. Letter from Woodland Joint Unified School District to Plaintiff.

YYY. Curriculum Vitae of Dr. Charles Scott.

ZZZ. Expert Report of Dr. Charles Scott, including exhibits related thereto.

AAAA. Curriculum Vitae of Suzanne M. Stuckwisch.

BBBB. Expert Report of Suzanne M. Stuckwisch, including exhibits related thereto.

CCCC. Aerial Photographs of Union Pacific Railroad Crossing at Calvine Road in Elk Grove, California.

DDDD. Elk Grove Police Department Report and Investigation File for Case No. 13-004417.

EEEE. Audio Recording: Police Interview of Andrea Garcia.

FFFF. Audio Recording: Police Interview of Ramiro Meza.

GGGG. Audio Recording: Police Interview of Connie Estay.

HHHH. Audio Recording: Police Interview of Sue Veach.

IIII. Audio Recording: Police Interview of Amanda Serrates.

JJJJ. Audio Recording: Police Interview of Diana Smith.

KKKK. Audio Recording: Two calls – Valerio with Police Department.

LLLL. Audio Recording: Gloria Valerio calling Detective.

MMMM. Audio/Video Recording: July 17, 2013 Video/Audio of Gloria Valerio Police Interview.

Each party may use an exhibit designated by the other.

A. No other exhibits will be permitted to be introduced unless:

(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B. Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered prior to Pretrial;

(2) The court and counsel were promptly informed of their existence;

(3) Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial.

Each party is then granted five (5) days to file and serve objections to any of the exhibits. In making the objection, the party is to set forth the grounds for the objection. The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order. Exhibit stickers may be obtained through the Clerk's Office. An original and one (1) copy of the exhibits shall be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon. Mr. Vine can be contacted at (916) 930-4091 or via e-mail at: hvine@caed.uscourts.gov. As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation. Each exhibit which is objected to will be marked for identification only.

## XII. DISCOVERY DOCUMENTS

Plaintiff intends to offer the following discovery as evidence at trial:

1. Defendant's response to Request for Admission No. 1.
2. Defendant's response to Request for Admission No. 5.
3. Deposition transcript of Matt Farmer.
4. Plaintiff reserves the right to use deposition transcripts of Diana Smith, Diane Demidzic, and Sue Veach for rebuttal purposes.

Defendant intends to offer the following discovery as evidence at trial:

1. Plaintiff's supplemental response to Defendant's Interrogatory No. 6.
2. Plaintiff's response to Defendant's Interrogatory No. 19.
3. Plaintiff's response to Defendant's Interrogatory No. 21.

4. Plaintiff's January 15, 2014 deposition testimony from the WCAB matter of *Gloria Valerio v. Compass Brancshares, Inc.*, including pages 26-33 and 47.

5. Plaintiff's deposition testimony from this matter, including pages 13-14, 87-91, 109-110, 441, 444, 548-550, 558-560, 562-564, and 846-848.

6. Deposition testimony of Maria Teresa Rivas-Torres at 6:1-10, 12:6-23, 14:22-15:2, 15:17-16:19, 17:18-24, 18:4-18, 19:14-18, 21:5-22:1, and 82:9-83:4.

XIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference. That order is confirmed. The parties are free to do anything they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this court.

XIV. STIPULATIONS

1. The parties have a private agreement that any of Plaintiff's medical records submitted as an exhibit shall be returned to the parties at the conclusion of trial (and the parties agree they will maintain the exhibits throughout the time for appeal after trial so that each party shall have access to them if needed for any appeal or post-trial motions).

2. The parties stipulate to the authenticity of records subpoenaed in this action, and that a custodian of records witness is not necessary to authenticate any subpoenaed records (this stipulation does not waive the right to object to the admissibility of records). Based on this agreement, defendant will remove its

custodian of records witnesses from its witness list.

XV. AMENDMENTS/DISMISSALS

None.

XVI. FURTHER TRIAL PREPARATION

A. Counsel are directed to Local Rule 285 regarding the contents of trial briefs. Such briefs should be E-filed seven (7) days prior to trial, i.e., April 17, 2017.

B. Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions. The joint set of instructions shall be lodged via ECF with the court clerk seven (7) calendar days prior to the date of the trial, i.e., April 17, 2017, and shall be identified as the "Jury Instructions Without Objection." As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions three days before trial, i.e., April 21, 2017. This package of proposed instructions should not include the “Jury Instructions Without Objection” and should be clearly identified as “Disputed Jury Instructions” on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court’s Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C. It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j). The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial. Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the

deposition or imposition of such other sanctions as the court deems appropriate.

D. The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E. The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F. Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection. Proposed voir dire should be submitted via ECF one (1) week prior to trial.

G. Each party may submit a proposed verdict form that the party would like the Court to use in this case. Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

H. In limine motions shall be E-filed separately at least ten (10) days prior to trial, i.e., April 14, 2017. Opposition briefs shall be E-filed five (5) days prior to trial, i.e., April 19, 2017. No reply briefs may be filed.

XVII. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this case at this time.

///

XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

XIX. SEPARATE TRIAL OF ISSUES

Defendant's request that the issues of liability and punitive damages be bifurcated for trial is denied.

XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties agree that appointment by the Court of impartial expert witnesses is neither requested nor advisable.

XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

XXII. MISCELLANEOUS

1. The parties agree that all non-party fact witnesses shall be excluded from the courtroom during the testimony of other witnesses.

2. The parties' request that the Court use special verdict forms for the jury is denied.

3. The parties will meet and confer regarding retaining interpreters for Plaintiff during trial.

4. Defendant may use a trial support vendor to assist with technical issues and presentation at trial.

5. At the March 17, 2017 pretrial conference, the parties agreed and the Court ordered that evidence of Defendant's net worth, profits, and/or financial status shall not be presented to the jury and/or introduced into evidence unless and until Plaintiff has first made a *prima facie* showing of liability for punitive damages and has alerted the Court that she intends to begin

introducing evidence on that subject.

XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate six (6) to ten (10) court days for trial. Trial will commence on or about April 24, 2017, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: March 27, 2017.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE